1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11   TRAVIS MANNING,                                    Civil No.    12-2803 GPC (JMA)

12                                        Petitioner,

13                                                        **ORDER:**

14                        v.                               **(1) DISMISSING CASE WITHOUT PREJUDICE**

15   L.S. MCEWEN, Warden,                            **(2) DENYING MOTION FOR STAY AS MOOT**

16

17                                        Respondent.   **(3) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT**

18

19

20          Petitioner, a state prisoner proceeding pro se, has submitted a document wherein he

21   requests a stay of federal proceedings in order to exhaust his state court remedies.  He also

22   requests leave to proceed in forma pauperis.

23                          **FAILURE TO FILE PETITION**

24          Petitioner has not filed a Petition for writ of habeas corpus in this action.  Therefore,

25   unless Petitioner is a capital prisoner, he has not initiated habeas proceedings in this Court.

26   Calderon (Nicolaus) v. United States District Court, 98 F.3d 1102, 1107 n. 3 (9th Cir. 1996)

27   ("Unlike non-capital prisoner who initiate habeas proceedings by filing a petition for a writ

28   of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request

for appointment of counsel."); <u>McFarland v. Scott</u>, 512 U.S. 849 (1994). Petitioner does not

contend that he is a capital prisoner, that is, a prisoner under sentence of death, and there is

nothing in the documents he has submitted which indicates that he is a capital prisoner.  If

Petitioner wishes to proceed with a habeas action in this Court he must (as is the case with all

non-capital prisoners) file a petition for writ of habeas corpus, which will be given a separate

civil case number.  However, if Petitioner is in fact a capital prisoner, he may request the

Court to re-open this action in order to permit him to file a Petition under the civil case

number assigned to this action.

Further, the Court cautions Petitioner that a one-year period of limitation applies to a

petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

court.  The limitation period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).  If the federal petition is filed after the statute

of limitations has run, the petition will be summarily dismissed.

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus

petition is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th

Cir. 1999).  <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is

'properly filed' when its delivery and acceptance [by the appropriate court officer for

placement into the record] are in compliance with the applicable laws and rules governing

filings.").  However, the filing of a <u>federal</u> habeas petition does not toll the statute of limitations.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

**CONCLUSION AND ORDER**

This action is **DISMISSED** without prejudice because Petitioner has not filed a Petition and has therefore failed to initiate federal habeas proceedings in this action. Accordingly, the requests to a stay of proceedings and to proceed in forma pauperis are **DENIED** as moot.  *The Clerk of Court shall send Petitioner a blank Southern District of California habeas petition form and blank in forma pauperis application along with a copy of this Order.*

**IT IS SO ORDERED.**

**DATED:  February 13, 2013**

**HON. GONZALO P. CURIEL**
**United States District Judge**